COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:    Darryl Dewayne Harper v. The State of Texas

Appellate case number:    01-12-00202-CR

Trial court case number:  1297713

Trial court:                248th District Court of Harris County

The complete record was filed in the above-referenced appeal on June 13, 2012, making appellant's brief due on July 13, 2012. *See* TEX. R. APP. P. 38.6(a). On July 19, 2012, appellant's appointed counsel, Terrence Gaiser, filed a motion for extension of time to file the brief, requesting that the deadline be extended to August 13, 2012. The motion was granted. On August 29, 2012, the Clerk of this Court sent appellant a notice informing him that his brief was late. Appellant responded by filing a second motion for an extension of time, requesting that the deadline be extended to September 28, 2012. The motion was granted. On October 19, 2012, the Clerk of this Court sent appellant a second notice informing him that his brief was late, requiring a satisfactory response within 10 days and notifying appellant that, if he failed to provide a satisfactory response, the Court would be required to order the trial court to conduct a hearing pursuant to rule 38.8. TEX. R. APP. P. 38.8(b)(2), (3). On October 26, 2012, appellant responded by filing a third motion for extension, requesting that the deadline be extended to November 30, 2012. The date appellant filed his third motion for extension was 105 days after the original deadline for appellant's brief. If we grant appellant's motion, appellant will receive a total of 170 days in which to file his brief. Absent extraordinary circumstances, this Court does not ordinarily grant extensions of time beyond 90 days to file a brief. Appellant has not shown extraordinary circumstances, and appellant has not provided a satisfactory response to the second notice informing him that his brief was late.

We therefore abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Terrence Gaiser, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

[1]     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication

The trial court is directed to:

(1) determine whether appellant wishes to prosecute the appeal;

(2) if appellant does wish to prosecute the appeal, determine whether good cause exists to relieve Terrence Gaiser of his duties as appellant's counsel;

(3) if good cause exists, enter a written order relieving Terrence Gaiser of his duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;

(4) if good cause does not exist, set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2012); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ Terry Jennings

☑ Acting individually ☐ Acting for the Court

Date: November 7, 2012

---

of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.